### OSCAR W. KUHN, ASSIGNEE, v. MARGUERITE HALEY ET AL.

BOND OF TRUSTEE IN BANKRUPTCY NOT SUFFICIENT FOR APPEAL.

A party desiring to appeal must give a bond according to the statute and subject to the control of state courts. Therefore the bond of a trustee in bankruptcy is not sufficient to exempt such trustee, under sec. 5228, Rev. Stat., relating to appeals by parties in a trust capacity, from giving the bond required by sec. 5227, Rev. Stat.

APPEAL.

GIFFEN, J.

This case is submitted upon a motion to dismiss the appeal.

Soon after the action was commenced Oscar W. Kuhn, trustee in bankruptcy, was substituted as plaintiff, and as appellant gave no appeal bond.

Does sec. 5228, Rev. Stat., dispense with the same? This section provides that "a party in any trust capacity, who has given bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeal."

The purpose of this provision manifestly is to relieve an appellant from giving an appeal bond where he has already given a bond as trustee that will afford at least equal protection to the appellee.

Under sec. 5227, Rev. Stat., a party desiring to appeal must give an undertaking, with surety to be approved by the clerk of the court or a judge thereof.

Section 4953, Rev. Stat., provides the qualifications of sureties.

The bond of a trustee in bankruptcy is not approved by the clerk of a court of this state or a judge thereof, nor are the qualifications of his sureties prescribed by our statute. He is not under the control of our courts, and cannot be required by them to give additional security.

We are of the opinion, therefore, that a party under sec. 5228, Rev. Stat., must have first given bond according to the statute, and be subject to the control of the courts of this state, in order to claim exemption from giving an appeal bond.

Motion sustained.

*Dan T. Wright*, for the motion.
*Smith & Kuhn*, contra.